**BLACK CAR ASSISTANCE CORPORATION,**
Plaintiff,

v.

**The State of NEW JERSEY, New Jersey Motor Vehicle Commission, and Diane M. Legreide, in her capacity as Chief Administrator of the New Jersey Motor Vehicle Commission, Defendants.**

No. CIV.03–5828(WGB).

United States District Court,
D. New Jersey.

Dec. 21, 2004.

Richard L. Huffman, Esq., Jonathan Mazer, Esq., Fox Horan & Camerini LLP, New York City, Merrill M. O'Brien, Esq., O'Brien Thorton LLC, Paramus, NJ, for Plaintiff.

Emily H. Armstrong, Esq., Deputy Attorney General, Attorney General of New Jersey, R.J. Hughes Justice Complex, Trenton, NJ, for Defendants.

## OPINION

BASSLER, District Judge.

In July 2003, the State of New Jersey enacted N.J.S.A. § 39:3–19.6 with the intent of regulating out-of-state, for-hire vehicles that conducted business within New Jersey. Plaintiff Black Car Assistance Corporation ("Plaintiff" or "Black Car") filed this action to permanently enjoin the State from enforcing N.J.S.A. § 39:3–19.6 against its members.

Plaintiff now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

For the following reasons, Plaintiff's motion for summary judgment is **granted**.

## I. BACKGROUND

Plaintiff Black Car is a trade association comprised of approximately forty livery dispatch companies. (Dizengoff Decl. ¶ 2.) Black Car drivers operate for-hire vehicles that transport passengers to and from destinations in both New York and New Jersey. (Dizengoff Decl. ¶ 2, 8.) Each day, Black Car members dispatch approximately 10,000 drivers in the New York City Metropolitan Area, and drivers make about 6,000 daily trips into the State of New Jersey. (Dizengoff Decl. ¶ 4, 8.)

Drivers working for Black Car members meet all vehicle registration requirements under New York state law. (Compl. ¶ 16.)[1] In addition, each driver is licensed by the New York City Taxi and Limousine Commission. (Id.)

On or about July 1, 2003, the legislature of the State of New Jersey enacted N.J.S.A. § 39:3–19.6 (hereinafter "New Jersey Out of State Registration Law"). The state law requires all operators of out-of-state, for-hire vehicles to pay a fee to the State. N.J.S.A. § 39:3–19.6(a). Upon payment of the fee, an operator will receive a "for hire" permit to be displayed in the window of the vehicle. N.J.S.A. § 39:3–19.6(b). Failure to display the permit could result in fines, impoundment of the vehicle, and imposition of towing costs. N.J.S.A. § 39:3–19.6(c).

The State planned to enforce the New Jersey Out of State Registration Law beginning January 1, 2004. (Def.'s R. 56.1 Statement ¶ 12.) Plaintiff commenced this civil action on December 4, 2003. On December 23, 2004, the parties stipulated to an agreement enjoining the enforcement of the New Jersey Out of State Registration

---

1. Black Car has filed a verified complaint, and the State has not filed an affidavit contesting the complaint.

Law against Plaintiff and its members pending the outcome of this litigation.

## II. DISCUSSION

### A. Justiciability

■ As a preliminary matter, the Court notes that Black Car has challenged the New Jersey Out of State Registration Law prior to its enforcement. Defendants have not argued that this challenge is not justiciable. The Court finds this action to be ripe for review. *See Planned Parenthood v. Farmer*, 220 F.3d 127, 147–48 (3d Cir. 2000) (citing *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)) (finding a challenge to the New Jersey Partial–Birth Abortion Ban Act of 1997, the violation of which carried civil penalties, prior to its enforcement or interpretation to be ripe for review).

### B. Standard for Summary Judgment

Summary judgment will be granted only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 65(c). Whether a fact is material is determined by the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue involving a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n. 3 (3d Cir.1988), *cert. denied* 490 U.S. 1098, 109 S.Ct. 2449, 104 L.Ed.2d 1004 (1989).

The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies this requirement, the burden shifts to the nonmoving party to present evidence that

there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. The nonmoving party "may not rest upon mere allegations or denials" of its pleading, Fed.R.Civ.P. 56(e), but must produce sufficient evidence to reasonably support a jury verdict in its favor, *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505, and not just "some metaphysical doubt as to material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In determining whether any genuine issues of material fact exist, the Court must resolve "all inferences, doubts, and issues of credibility ... against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983) (citing *Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir.1972)); *accord Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1077 n. 1 (3d Cir.1996).

Because a motion for summary judgment is designed to go beyond the pleadings, factual specificity is required of a party who opposes such a motion. *Celotex*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, a plaintiff may not simply "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (citing *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505). Moreover, a party cannot rely upon self-serving conclusions, unsupported by specific facts in the record. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. A nonmoving party must point to concrete evidence in the record which supports each essential element of its case. *Id.* If the party fails to provide such evidence, then it is not entitled to a trial and the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(e).

In deciding a summary judgment motion, however, the Court's role is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. If the party opposing summary judgment has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the Court cannot credit the movant's version of events, even if the quantity of the movant's evidence far outweighs that of its opponent. *Big Apple BMW v. BMW of N. Am.,* 974 F.2d 1358, 1363 (3d Cir.1992).

The State has not filed any answering affidavits that refute Black Car's statement of the facts. As noted above, the State cannot rely upon the mere allegations contained in its answer or its Local Rule 56.1 statement. *See* Fed.R.Civ.P. 56(e); *Monaco v. Am. Gen. Assurance Co.,* 359 F.3d 296, 306 (3d Cir.2004).

## C. The RIDE Act Preempts Application of the New Jersey Out of State Registration Law as to Certain Motor Vehicles

The relevant provisions of the New Jersey Out of State Registration Law provide:

a. . . . [A] fee shall be due and payable pursuant to this section for the operating period from October 1 through September 30 for each limousine, as that term is defined pursuant to R.S.48:16–13, and any other vehicle for hire that is used to transport passengers, from or to a location in New Jersey if such vehicle is not registered in New Jersey.

b. Upon payment of the fee pursuant to subsection a. of this section, the Chief Administrator of the New Jersey Motor Vehicle Commission shall issue a "for hire" permit, which permit shall be displayed in the vehicle at all times while the vehicle is within the State, in a manner prescribed by the Chief Administrator.

c. Failure to display the "for hire" permit is a motor vehicle violation, punishable by a fine of up to $350 in addition to any other penalty otherwise authorized for motor vehicle violations. Failure to pay the fee due under this section is a separate motor vehicle violation and shall be punishable by a fine of not less than $350, in addition to any other penalty authorized for motor vehicle violations. A vehicle failing to display a "for hire" permit may be impounded by a law enforcement agency, its agent, or any other appropriate authority, which may charge the owner or operator fees for the costs of towing and impoundment.

N.J.S.A. § 39:3–19.6. The Out of State Registration Law requires all non-resident, for-hire vehicles providing transportation to and from New Jersey to pay a registration fee to the State. If a non-resident vehicle neglects to pay the fee or display the "for hire" permit issued by the State, that vehicle becomes subject to fines and impoundment.

Plaintiff contends that the enforcement of the New Jersey Out of State Registration Law against Black Car and its members is preempted by the Real Interstate Driver Act ("RIDE Act"), 49 U.S.C. § 14501(d). The RIDE Act provides, in relevant part:

**(d) Pre-arranged ground transportation.—**

**(1) In general.**—No State or political subdivision thereof and no interstate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard or other provision having the force and effect of law requiring a license or fee on account of the fact that a motor vehicle is providing pre-arranged ground transportation

service if the motor carrier providing such service—

**(A)** meets all applicable registration requirements under chapter 139 for the interstate transportation of passengers;

**(B)** meets all applicable vehicle and intrastate passenger licensing requirements of the State or States in which the motor carrier is domiciled or registered to do business; and

**(C)** is providing such service pursuant to a contract for—

**(i)** transportation by the motor carrier from one State, including intermediate stops, to a destination in another State; or

**(ii)** transportation by the motor carrier from one State, including intermediate stops in another State, to a destination in the original State.

In essence, the RIDE Act prohibits States from requiring out-of-state, for-hire vehicles that provide pre-arranged ground transportation service to pay a license or fee.

### 1. Preemption Standard

■ State law is preempted when "a state statute conflicts with, or frustrates, federal law." *CSX v. Easterwood,* 507 U.S. 658, 663, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993) (citing U.S. Const., Art. VI, cl. 2 and *Maryland v. Louisiana,* 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981)). Preemption may be either express or implied, and "is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). Where "compliance with both federal and state regulations is a physical impossibility, or where the law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," the

state statute is invalid. *Maryland v. Louisiana,* 451 U.S. at 747, 101 S.Ct. 2114 (internal quotations and citations omitted). However, to avoid encroachment on State authority, a court will not find preemption unless it is "the clear and manifest purpose of Congress." *Easterwood,* 507 U.S. at 663, 113 S.Ct. 1732 (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)).

### 2. Preemption of the New Jersey Statute

■ As demonstrated by a comparison of the state and federal laws and by an examination of the RIDE Act's legislative history, the RIDE Act preempts the application of the New Jersey Out of State Registration Law as to motor vehicles that meet the RIDE Act criteria.

On its face, the Out of State Registration law conflicts with the RIDE Act. The RIDE Act applies to motor carriers that meet three criteria: the carrier must be (A) properly registered pursuant to 49 U.S.C. § 13901 *et seq.* for the interstate transportation of passengers; (B) properly registered in the state or state in which the carrier is domiciled or registered to do business; and (C) providing transportation from either (i) one state to a destination in another state or (ii) from one state to a destination in the original state. The Act clearly prohibits the imposition of a license or fee on motor vehicles meeting those three criteria. *See* 49 U.S.C. § 14501 ("No State ... shall enact or enforce any law ... requiring a license or fee ..."). Yet the New Jersey Out of State Registration Law imposes a fee on "each limousine ... and any other vehicle for hire that is used to transport passengers, from or to a location in New Jersey if such vehicle is not registered in New Jersey." N.J.S.A. § 39:3–19.6. The fact that the New Jersey statute applies to any vehicle not registered in the State means that it encompasses the motor carriers that meet the

RIDE Act's criteria. In other words, because the Out of State Registration Law imposes a fee on *all* non-resident vehicles, it imposes a fee on those vehicles that fall under the protection of the RIDE Act. The imposition of such a fee violates the letter of the RIDE Act.

The State admits that the "RIDE Act prohibits a state or state agency from enacting or enforcing a license or fee agreement targeting prearranged ground transportation meeting certain requirements." (Def.'s Br. at 3.) The State, however, distinguishes the Out of State Registration Law by observing that "it applies to all non-resident for-hire vehicles whether or not they provide prearranged ground transportation." (Def.'s Br. at 4–5.)[2] This argument implicitly concedes that the RIDE Act preempts the application of the New Jersey statute to Black Car and other similarly situated car services. A statute so broad as to encompass *all* non-resident for-hire vehicles regardless of the transportation provided logically encompasses any "motor vehicle ... providing pre-arranged ground transportation service" pursuant to the RIDE Act. Therefore, the New Jersey statute applies to any motor vehicle that meets the RIDE Act criteria.

The New Jersey Out of State Registration Law would thus impose a fee on the vehicles covered by the RIDE Act. The

RIDE Act, however, prohibits the imposition of fees on such vehicles. Clearly, when speaking of vehicles that meet the criteria of the RIDE Act, "compliance with both federal and state regulations is a physical impossibility." *Maryland v. Louisiana*, 451 U.S. at 747, 101 S.Ct. 2114. As a result, the New Jersey Out of State Registration Law is preempted to the extent that it applies to motor vehicles that provide pre-arranged ground transportation service and that meet the three criteria listed in the RIDE Act.

The legislative history of the RIDE Act bolsters this conclusion. Congress viewed as a problem the situation in which multiple states required licensing fees for operating for-hire vehicles. 147 Cong. Rec. H8053, H8055 (2001) (statement of Rep. Petri)[3]. By enacting the RIDE ACT, Congress clearly intended to prevent states from requiring car services "to purchase additional permits from a local government in order to provide round trip service" between two states. *Id.* (statement of Rep. Shays).

As noted above, the scheme enacted by Congress sets out three requirements that must be met to qualify a motor carrier for protection. "This common sense legislation simply says that a licensed livery company cannot be subject to additional permitting requirements to complete a round

2. The State also argues that the Out of State Registration Law should be upheld in light of the fact that New York City has passed a law imposing a non-resident fee on New Jersey limousine drivers. *See* 35 R.C.N.Y. § 6–50 *et seq.* This argument holds no merit. The validity of the New York City statute is not before this Court and thus need not be considered here. In any event, Plaintiff has submitted a declaration from the General Counsel of the New York City Taxi & Limousine Commission in which he states that he has advised the Commission not to enforce New York City's permit scheme against those vehicles covered by the RIDE Act. (*See* Mazer Decl. ¶ 4.)

3. Mr. Petri:

This legislation is needed to solve a problem that arises when a for-hire vehicle, usually a limousine or sedan, travels across a state line in interstate commerce.... As the law is written today, state and local jurisdictions can require for-hire vehicles to be licensed in multiple states. In some instances, if they do not pay for additional licenses they can only drop their passenger in another state. They cannot .make incidental stops. They cannot return the same passenger to the state of origin.

trip into another state." *Id.* (statement of Rep. Shays).

Applying the New Jersey Out of State Registration Law to for-hire vehicles providing prearranged ground transportation would frustrate the purposes of the RIDE Act. The Out of State Registration Law requires for-hire vehicles not registered in New Jersey to pay the State an operating fee. Imposition of this fee, however, conflicts with the goal of the RIDE Act to eliminate "additional permitting requirements" that would discourage and prevent car services from providing round-trip services between two states. Where a for-hire vehicle meets the three requirements outlined in the RIDE Act, that vehicle cannot be made to pay an additional registration fee in the State of New Jersey.

Consequently, the New Jersey Out of State Registration Law is preempted to the extent that it applies to for-hire vehicles covered by the RIDE Act.

### 3. Black Car and the RIDE Act

The undisputed facts demonstrate that Black Car members are for-hire vehicles providing prearranged ground transportation pursuant to the provisions of the RIDE Act. Plaintiff has alleged, and Defendants have not submitted evidence to the contrary, that its members provide prearranged ground transportation to New Jersey for compensation. Plaintiff has also alleged, and Defendants have not submitted evidence to the contrary, that its members meet all three requirements of the RIDE Act. Because Plaintiff has demonstrated that the RIDE Act applies to its members, the New Jersey Out of State Registration Law is unenforceable as to Black Car members.

### D. Remainder of the New Jersey Out of State Registration Law

Defendants make the argument that "[t]he New Jersey Non–Resident Permit Law is only preempted if it applies to a motor vehicle on account of the fact that the motor vehicle provides prearranged ground transportation and if the motor vehicle meets all conditions of 49 U.S.C.A. § 14501(d)(1)(A)-(C)." (Defs. Opp. Br. At 6.) Essentially, Defendants concede that the RIDE Act preempts the application of the New Jersey Out of State Registration Law to those motor vehicles covered by the RIDE Act. Defendants do not, however, argue that the application of the law to other motor vehicles is preempted by federal law. As it is not relevant to this case, the Court does not pass on the continuing validity of the State statute as applied to other motor vehicles.

### III. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for summary judgment.

A Judgment will be entered permanently enjoining the enforcement of the offending provisions of N.J.S.A. § 39:3–19.6 as against Plaintiff Black Car Assistance Corporation and all of its members.